UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Pfeifer,

Plaintiff,

v.

Dexcom, Inc.,

Defendant.

Case No.: 22cv1878-JO-MDD

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES; AND DENYING DEFENDANT'S MOTION TO DISMISS**

On December 7, 2022, Plaintiff Helena Pfeifer filed a product liability action against Defendant Dexcom, Inc. ("Defendant" or "Dexcom") in state court. Defendant removed Plaintiff's action to this Court on November 28, 2022, nine days before the complaint was actually filed in state court. On December 19, 2022, Defendant filed a motion to dismiss. Dkt. 6. On December 29, 2022, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction and requested attorneys' fees incurred in seeking remand. Dkt. 7. For the reasons stated below, the Court grants Plaintiff's motion to remand, grants Plaintiff's request for attorneys' fees, and denies Defendant's motion to dismiss as moot.

## I. BACKGROUND

Plaintiff initiated a product liability suit in state court but Defendant removed the action to federal court before the action was officially filed. On December 7, 2022, Plaintiff filed her complaint in state court. Dkt. 7, Ex. A. Although the official filing date of Plaintiff's complaint was December 7, 2022, Plaintiff electronically submitted the complaint to the superior court clerk for filing a few days prior. Defendant received notice of this electronic submission through the filing service provider and immediately filed a Notice of Removal on November 28, 2022—nine days before the clerk filed Plaintiff's complaint in superior court.[1] Dkt. 1. On December 19, 2022, Defendant also filed a motion to dismiss Plaintiff's complaint before this Court. Dkt. 6.

Both Plaintiff and the Court questioned the legal validity of Defendant's removal of an action with only state law claims by a Defendant that is a citizen of California. On December 29, 2022, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction on the grounds that (1) the notice of removal was defective because the complaint had not even been filed at the time of removal and (2) because Defendant was a California citizen, it could not remove on the grounds of diversity jurisdiction. Dkt. 7.[2] Plaintiff also requested attorneys' fees and costs incurred in the removal. Dkt. 20. On January 12, 2023, the Court ordered Defendant to show cause why the case should not be remanded to state court because Defendant was a California citizen seeking to remove an action solely on the basis of diversity. Dkt. 10. The Court ordered the parties to either file a response to the order to show cause or notify the Court that the parties had stipulated to a remand to state court. *Id.* On February 1, 2023, Defendant filed a response arguing that Plaintiff waived her right to object to an improper removal because

---

[1] Plaintiff did not serve Defendant with the complaint until December 8, 2022. Dkt. 7, Ex. B.

[2] The case was transferred to the undersigned on January 13, 2023. Dkt. 9.

her remand motion was untimely. Dkt. 19.[3] According to Defendant, this waiver entitled it to remain in federal court. *Id.*

## II. CONCLUSION AND ORDER

For the reasons stated in the Court's remand order in *Casola v. Dexcom, Inc.*, 22cv1865-JO-MDD, attached hereto as Exhibit A, the Court GRANTS Plaintiff's motion to remand and request for attorneys' fees [Dkt. 7] and DENIES Defendant's motion to dismiss [Dkt. 6] as moot. The Court DIRECTS Plaintiff to file, within fifteen (15) days of the entry of this order, a motion for attorneys' fees containing a substantiation of fees and costs incurred in the removal. Defendant may file a response within seven (7) days of Plaintiff's filing of the motion. The Court instructs the Clerk to remand the action to San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated: May 3, 2023

Honorable Jinsook Ohta
United States District Judge

[3] Defendant made these same arguments in its opposition to Plaintiff's motion to remand.

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Casola, Plaintiff, v. Dexcom, Inc., Defendant. | Case No.: 22cv1865-JO-MDD **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES; AND DENYING DEFENDANT'S MOTION TO DISMISS** |

On November 29, 2022, Plaintiff Lauren Casola filed a product liability action against Defendant Dexcom, Inc. ("Defendant" or "Dexcom"). Defendant removed Plaintiff's action to this Court on November 28, 2022, one day before the complaint was actually filed in state court. On December 19, 2022, Defendant filed a motion to dismiss. Dkt. 6. On December 29, 2022, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction and requested attorneys' fees incurred in seeking remand. Dkt. 7. For the reasons stated below, the Court grants Plaintiff's motion to remand, grants Plaintiff's request for attorneys' fees, and denies Defendant's motion to dismiss as moot.

## I. BACKGROUND

Plaintiff initiated a product liability suit in state court but Defendant removed the action to federal court before the action was officially filed. On November 29, 2022, Plaintiff filed her complaint in state court. Dkt. 17, Ex. A. Although the official filing date of Plaintiff's complaint was November 29, 2022, Plaintiff electronically submitted the complaint to the superior court clerk for filing six days prior. Defendant received notice of this electronic submission through the filing service provider and immediately filed a Notice of Removal on November 28, 2022—one day before the clerk filed Plaintiff's complaint in superior court.[1] Dk. 1. On December 19, 2022, Defendant also filed a motion to dismiss Plaintiff's complaint before this Court. Dkt. 6.

Both Plaintiff and the Court questioned the legal validity of Defendant's removal of an action with only state law claims by a defendant that is a citizen of California. On December 29, 2022, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction on the grounds that (1) the notice of removal was defective because the complaint had not even been filed at the time of removal and (2) because Defendant was a California citizen, it could not remove on the grounds of diversity jurisdiction. Dkt. 7.[2] Plaintiff also requested attorneys' fees and costs incurred in the removal. Dkt. 20 (Reply). On January 12, 2023, the Court ordered Defendant to show cause why the case should not be remanded to state court because Defendant was a California citizen seeking to remove an action solely on the basis of diversity. Dkt. 10. The Court ordered the parties to either file a response to the order to show cause or notify the Court that the parties had stipulated to a remand to state court. *Id.* On February 1, 2023, Defendant filed a response arguing that Plaintiff waived her right to object to an

---

[1] Plaintiff did not serve Defendant with the complaint until November 30, 2022. Dkt. 17, Ex. B.
[2] The case was transferred to the undersigned on January 5, 2023. Dkt. 9.

improper removal because her remand motion was untimely. Dkt. 16. According to Defendant, this waiver entitled it to remain in federal court. *Id.*[3]

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court only if the federal court would originally have had federal question or diversity jurisdiction over the matter. *See* 28 U.S.C. § 1441; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. In order to remove an action on diversity grounds, however, defendants must meet an additional requirement: according to the "forum defendant rule," a civil action may not be removed if any defendant is a citizen of the state where the complaint was filed. 28 U.S.C. § 1441(b)(2). The forum defendant rule thus "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004). Because the principal purpose of diversity jurisdiction is to "protect out-of-state defendants from possible prejudices in state court," this bar to removal by local defendants reflects the reality that there is no need for such protection where the defendant is a resident of the state in which the case is brought. *Lively*, 456 F.3d at 940.

Parties can waive the "forum defendant" limitation on removal by failing to object in a timely manner. A plaintiff must file a motion to remand the action on this basis within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c). Otherwise, because the forum defendant rule does not deprive the federal court of jurisdiction, a plaintiff can be deemed to have waived its objection based on a violation of this rule. *Lively*, 456 F.3d at 942.

In considering a remand, the court construes any doubts against the removing party. There is a "strong presumption against removal jurisdiction," which means that "the

---

[3] Defendant asserted these same arguments in its opposition to Plaintiff's motion to remand. Dkt. 19.

defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotations omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("[R]emoval statutes are strictly construed against removal."). Thus, a court must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

The Court finds that this action must be remanded to state court because as a citizen of California, Defendant cannot remove this action on the grounds of diversity jurisdiction. At the time of removal, Defendant was a citizen of California and, therefore, a forum defendant. Dkt. 1 (stating Defendant is a citizen of California and maintains its principal place of business in San Diego, California); *see also* 28 U.S.C. § 1332(c)(1) (for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"). As a forum defendant, Defendant cannot not remove this action solely on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Defendant concedes its status as a forum defendant but argues that Plaintiff waived her right to remand by failing to file her motion in a timely manner. Defendant argues that because it filed its Notice of Removal on November 28, 2022, and Plaintiff did not move to remand until December 29, 2022, she exceeded her 30-day window to challenge the "forum defendant" defect. In response, Plaintiff argues that Defendant's Notice of Removal was defective because Defendant filed it before Plaintiff's complaint was officially filed; a defective removal notice cannot start the clock on the 30-day window for a remand motion. Because resolution of this dispute hinges on this issue, the Court will examine the validity of Defendant's Notice of Removal.

A proper removal requires a complaint to have first been filed. The removal statute provides that the defendant must file a notice of removal upon receipt "of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). A complaint must be filed in court to become an initial pleading; only after a complaint has been filed is there anything to be removed. Cal. Civ. Pro. Code § 350 ("An action is commenced…when the complaint is filed); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("Had [defendant] removed on the basis of a not-yet-filed complaint, which may or may not ever have materialized, 'it may well have subjected itself to fees and costs, and potentially Rule 11 sanctions, for filing a baseless notice of removal.'"); *Kurihara v. CH2M Hill, Inc.*, 6 F. Supp. 2d 533, 536 (E.D. Va. 1998) (finding removal period was not triggered where defendant received copy of pleading that "bore no indication that it actually had been filed").

Here, Defendant filed a notice of removal seeking to remove a not-yet-filed complaint. Although Plaintiff electronically submitted her complaint a few days before, the San Diego Superior Court did not file Plaintiff's complaint until November 29, 2022, as evidenced by the time stamp of the Clerk of the Superior Court. Dkt. 17, Ex. A. At the time of this filing, Plaintiff's civil action commenced, Cal. Civ. Pro. Code § 350, and her filed complaint became the "initial pleading" in the lawsuit. The removal statute requires Defendant to file a notice of removal upon receipt "of a copy of the initial pleading" in a case but Defendant did not do so; instead, it filed a notice of removal based on an unfiled complaint— before it had an official "initial pleading" in hand. For this reason, the Court finds that Defendant's Notice of Removal was defective and therefore, its filing on November 28, 2022, does not render Plaintiff's motion to remand untimely.

Defendant takes the position that Plaintiff's complaint was filed when it was submitted to the San Diego Superior Court despite the later official filing date. Defendant argues that a complaint is filed when it is in "actual or constructive custody" of the clerk; thus, the complaint was already "filed" as of the date it was electronically submitted, six days before Defendant's removal of the action. *See* Def.'s Opp'n 8 citing to *U.S. v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392 (9th Cir. 1986), *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279 (9th Cir. 1983), and *Carlson v. State of California Dep't of Fish &*

*Game*, 68 Cal. App. 4th 1268 (1998). The Court has reviewed the cases that Defendant relies upon and finds them to be inapposite to the issue before it. *Loya* involved a court clerk who refused to file a complaint because it was typed on the wrong size paper in violation of a local rule. *Loya*, 721 F.2d at 280. By the time plaintiff refiled the complaint, the statute of limitations had expired. *Id.* On appeal, the Ninth Circuit held that "for purposes of the statute of limitations, the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules." *Id.* at 281. Similarly, both *Dae Rim Fishery* and *Carlson* involved situations where a court clerk rejected complaints for technical failures causing the plaintiffs to miss their statute of limitations window. *Dae Rim Fishery Co.*, 794 F.2d 1392; *Carlson*, 68 Cal. App. 4th 1268. In both cases, the appellate courts held that for purposes of the statute of limitations, filing should be deemed to have occurred on the date of delivery. *Dae Rim Fishery Co.*, 794 F.2d at 1395; *Carlson*, 68 Cal. App. 4th at 1273. The holdings of these cases are explicitly limited to contexts in which the expiration of the statute of limitations is at stake—to prevent the manifest injustice of a clerk's refusal to file a complaint depriving a plaintiff of the right to bring suit. *See id.* The cases do not apply to the situation here involving a defendant removing a complaint that had not been properly filed.

Accordingly, the Court finds Defendant's removal notice to be defective because it was filed in advance of a filed complaint. The Court remands this action because it was filed by a forum defendant and Plaintiff did not waive this defect by failing to file a timely motion to remand.

## IV. REQUEST FOR ATTORNEYS' FEES

Finding that Defendant's removal of this action was improper, the Court next considers Plaintiff's request for the attorneys' fees and costs she incurred as a result of Defendant's removal. Under 28 U.S.C. § 1447(c), a court may order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the

defendant's decision to remove a case. A court may exercise its sound discretion to award attorneys' fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court finds that Defendant had no reasonable grounds to remove this case. It is undisputed that Dexcom is a forum defendant: the company is a citizen of California and maintains its principal place of business in San Diego, California. Given that the removal statute expressly provides that forum defendants may not remove their actions on the basis of diversity, 28 U.S.C. § 1441(b)(2), Defendant had no objectively reasonable basis to file a notice of removal. In opposing remand, Defendant acknowledges the forum defendant rule but argues only that Plaintiff waived the defect with her untimely remand motion. Removing a case in violation of the requirements and hoping that Plaintiff waives the procedural defect is far from having a reasonable basis for the removal in the first instance. *See, e.g.*, *Everest Systems Co. v. Platinum Roofing, Inc.*, 2019 WL 3387951, at *2 (N.D. Cal. July 26, 2019) (granting fees where forum defendant removed action in hopes that plaintiff would waive its right to remand). The Court finds that fees and costs are appropriate because Defendant lacked a reasonable basis to remove this action.[4]

## V. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion to remand and request for attorneys' fees [Dkt. 7] and DENIES Defendant's motion to dismiss [Dkt. 6] as moot. The Court DIRECTS Plaintiff to file, within fifteen (15) days of the entry of this order, a motion for attorneys' fees containing a substantiation of fees and costs incurred in the removal. Defendant may file a response within seven (7) days of Plaintiff's filing of

---

[4] While not a part of the above reasonableness analysis, the Court also questions the good faith of Dexcom and its counsel, a large and reputable law firm, in pursuing a groundless removal in violation of well-established principles.

the motion. The Court instructs the Clerk to remand the action to San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated: March 31, 2023

Honorable Jinsook Ohta
United States District Judge